IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KRISTI BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 14-cv-00334 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant's motion for reconsideration of the Court's 9/12/2014 order denying its motion to dismiss [14] is granted. Plaintiff's complaint is dismissed without prejudice due to Plaintiff's failure to exhaust her administrative remedies as required by 28 U.S.C. § 2675(a). Civil case terminated.

**STATEMENT**

Plaintiff Kristi Baker brought this negligence action in the Circuit Court of Kane County, Illinois against a doctor who treated her in the course of his employment by a federally-funded agency. Pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C § 2679, the United States certified that the doctor's alleged actions occurred within the scope of his employment with a federally-funded entity, substituted for him, and removed the action to this Court. The United States then moved to dismiss the claim against it on ground that Baker failed to exhaust her administrative remedies before bringing her lawsuit. The motion was denied. (Dkt. No. 12.) The United States now seeks reconsideration of that denial.

The FTCA provides that an action for damages for personal injury or loss of property "shall not be instituted" unless the claim has been presented to the appropriate federal agency and the claim has been finally denied by that agency. 28 U.S.C. § 2675(a). The agency's failure to render a final disposition of the claim within six months of its presentation is deemed to be a final denial. *Id.* The parties in this case agree that Baker presented her claim to the Department of Health and Human Services ("DHS") on August 9, 2013, *i.e.*, the same day she filed this action in state court. They also agree that by the time this Court had resolved the United States' motion to dismiss on September 12, 2014, the six-month statutory period after which her claim would be deemed finally denied had passed without response from the DHS.

This Court's ruling on the motion to dismiss found that Baker had indeed failed to exhaust her administrative remedies before filing her lawsuit but also noted the Seventh Circuit's recent observation that the failure to exhaust under § 2675 is not jurisdictional and may be forgiven. *Smoke Shop, LLC v. U.S.*, 761 F.3d 779, 786-87 (7th Cir. 2014); *Glade ex rel. Lundskow v. U.S.*, 692 F.3d 718, 723 (7th Cir. 2012). For reasons explained in the ruling, the Court determined that such forgiveness was warranted in Baker's case.

      In its motion for reconsideration, the United States challenges this understanding of the exhaustion requirement as non-jurisdictional and points out that the U.S. Supreme Court recently has accepted two cases for review that address the issue. Baker also acknowledges that the Court's ability to forgive her transgression may be short-lived, and that allowing the case to be dismissed due to her failure to exhaust and timely refiling it pursuant to 28 U.S.C. § 2679(d)(5) would place her on surer footing. Thus, Baker does not contest the United States' motion for reconsideration and it is therefore granted. The Court reconsiders its prior ruling and grants the motion to dismiss Baker's action for failure to exhaust her administrative remedies.

Dated: March 4, 2015

                                                Andrea R. Wood
                                                United States District Judge